# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

MARY CHRISTINE MOORE                                              PLAINTIFF

v.                              3:15-CV-00113-BRW-JJV

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration,                                  DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Billy Roy Wilson. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Mary Moore, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. Both parties have submitted briefs and the case is ready for decision. After carefully considering the record as a whole, for the following reasons, I find the decision of the Commissioner is supported by substantial evidence.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts

from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Plaintiff was sixty years old at the time of the hearing. (Tr. 44) She testified she earned a general equivalence degree and received some college credits. (Tr. 45) She has past relevant work as a small products assembler and cleaner. (Tr. 81-82)

Plaintiff alleged she was disabled due to depression, anxiety attacks, inability to concentrate, thyroid problems, and high blood pressure. (Tr. 88) The ALJ[1] found Ms. Moore had not engaged in substantial gainful activity since June 30, 2011. (Tr. 26) He found she has "severe" impairments in the form of fibromyalgia, headaches, hypertension, a thyroid disorder, depression, and obesity. (*Id.*) The ALJ further found Ms. Moore did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 27)

The ALJ determined Ms. Moore had the residual functional capacity to perform a reduced range of light work. (Tr. 28) So, with the aid of a vocational expert, the ALJ determined Ms. Moore could perform her past relevant work as a small products assembler. (Tr. 34, 83-84) Accordingly, the ALJ determined Ms. Moore could perform her past work, and concluded she was not disabled.

On March 6, 2015, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 1)

In support of her Complaint, Plaintiff disagrees with the ALJ's credibility and residual functional capacity assessments. (Pl.'s Br. 5-9) The residual functional capacity assessment is

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

largely based on the ALJ's credibility assessment. (Tr. 29-34)  Understandably, Plaintiff argues this assessment was flawed.

The ALJ considered Plaintiff's subjective complaints in light of Social Security Ruling 96-7p. (Tr. 29)  That ruling tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.  The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations.  Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

Second guessing an ALJ's credibility assessment is an agonizing task.  Plaintiff clearly suffers from limitation and has some serious health issues.  She has an strong work history and I am sympathetic to Ms. Moore's claims.  However, the objective medical records simply fail to support Plaintiff's claim of complete disability.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A).  A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 1382c(a)(3)(D).

From a physical standpoint, Ms. Moore has undergone numerous diagnostic tests that reveal no disabling impairment.  (Tr. 341, 342, 343-378, 418, 453)  And importantly, no doctor has placed

any lasting limitations on her that would indicate she was unable to perform all forms of substantial gainful activity.

Roger L. Troxel, M.D., performed a General Physical Examination of Plaintiff. (Tr. 447-451) Dr. Troxel concluded Plaintiff had a reduced ability to walk and stand. (Tr. 451) Dr. Troxel's assessment does give some credence to Plaintiff's claims. Yet, the overall the examination well supports the ALJ's residual functional assessment.

Ms. Moore's greatest limitation appears to be from her depression and anxiety. Suzanne Gibbard, Ph.D., performed a Mental Status and Evaluation of Adaptive Functioning on Ms. Moore. (Tr. 439-443) Dr. Gibbard diagnosed Plaintiff on Axis I with "Posttraumatic Stress Disorder and Depressive Disorder." (Tr. 442) She noted some limitation in her ability to timely complete tasks and problems with sustaining concentration. (*Id.*) But, as the Commissioner points out, the ALJ fairly accounted for these limitations within his residual functional capacity assessment. Specifically, he limited Ms. Moore to unskilled work where tasks were simple and routine; supervision simple, direct and concrete; and limited contact with the public. (Tr. 33)

In this case, the ALJ focused on Plaintiff's abilities rather than a diagnosis. Although Plaintiff reported she was extremely limited, there was ample evidence showing she was engaged in many activities of daily living. (Tr. 55-56, 59-60, 66, 75-76, 253-259)

So given the difference between Plaintiff's subjective complaints and the lack of supporting medical evidence, combined with the lack of restrictions placed on Plaintiff by her physicians, the ALJ could rightly discount Plaintiff's subjective complaints. *See, e.g., Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (ALJ may discount subjective complaints if there are inconsistencies in the record as a whole); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); *Dodson v. Chater*, 101 F.3d 533, 534 (8th Cir. 1996) (after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

Accordingly, I find no basis to overturn the ALJ's credibility determination. The ALJ is always in the best position to gauge the credibility of a claimant's testimony. Thus, the ALJ is

4

granted deference in this regard.  *Schultz v. Astrue*, 479 F.3d 979, 982-983 (8th Cir. 2007).

Plaintiff has advanced other arguments which I have considered and find to be without merit. It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 8th day of February, 2016.

_____
JOE J.  VOLPE
UNITED STATES MAGISTRATE JUDGE